WILLIAM WAKEFIELD V. J. W. PATTERSON.

DIRECTOR OF SCHOOL DISTRICT, *Valid Election of.* In School District No. 16, in Allen county, there is a stone school building owned in fee by the school district, and used for school purposes. There is also in the district a frame building known as "Germania hall," which the school board of the district rented for school purposes, in April, 1879, for the period of five years. In 1880, the usual notice for the annual meeting of the school district was duly given. On the day for such meeting, the clerk of the district decided to hold the meeting at Germania hall, because of the absence of the key to enter the stone school house, and for the reason that he considered the hall the cooler place, and the seats more convenient for the inhabitants attending the meeting. The treasurer was absent from the district, but the clerk and director attended the meeting, which was begun at two and one-half o'clock P. M., and participated in its proceedings, which were those usually had at the annual meetings of the district. Under the direction of the clerk, a boy was stationed at the stone school house from two o'clock P. M. on the day of the meeting, until after the close of the proceedings, to inform all persons coming to the stone school house that the annual meeting of the district was being conducted at the hall; and the attendance at the hall was an average attendance of the annual school meetings in the district. The defendant P. was elected school director of the district at such meeting. *Held,* That his election to the office was legal and valid.

## *Error from Allen District Court.*

ACTION, in the nature of *quo warranto*, brought by *Wakefield* against *Patterson*, to try the right between them to the office of director of School District No. 16, in Allen county. Trial at the November Term, 1880, of the district court, and judgment for the defendant. The plaintiff brings the case here. The opinion contains a statement of the facts.

*E. A. Barber*, for plaintiff in error.

*Cates & Keplinger*, for defendant in error.

The opinion of the court was delivered by

HORTON, C. J.: This was an action in the nature of *quo warranto*, prosecuted by the plaintiff to try the right between himself and defendant to the office of school director of School District No. 16, in Allen county. The case was submitted to the court, a jury being waived, upon the following agreed statement of facts:

"1. That School District No. 16, in Allen county, Kansas, is a public corporation, under the laws of said state.

"2. That the office of director of said school district is a public office, under the laws of said state.

"3. That in said school district there is a stone school building, owned by and belonging to said school district, and used for school purposes.

"4. That there is also in said school district a frame building known as 'Germania hall,' which the school board of said school district rented for school purposes in April, 1879, for five years.

"5. That said Germania hall is situated five blocks north of, and on the opposite side of the street from the stone school house.

"6. That the clerk of said school district, in calling the annual meeting of said school district for the year 1880, used a form of notice furnished by the state superintendent of public instruction, calling said meeting to be held at the school house belonging to said district, on August 12, 1880, at 2 o'clock P. M., the same being the second Thursday of August.

"7. That in posting up said notices, as provided by law, the clerk of said district posted one of said notices on the outer door of said stone school house, and did not post any on Germania hall.

"8. That the annual meetings of said school district have always since its creation been held at the stone school house, and the bell of said school district used to call the qualified electors of said district together.

"9. That in the year 1880 the bell was not rung.

"10. That in the year 1880 (this year), on the day on which the annual meeting was called to be held, to wit, the

12th day of August, 1880, the same being the second Thursday of said month, the clerk of said school district, about half an hour before the time for holding said annual meeting, decided to have the same held at Germania hall instead of at the stone school house.

"11. That of this decision at the time it was made, the director and treasurer of said school district were ignorant. That the director did not learn of the change until about 2 o'clock P. M., when the clerk met him at the northwest corner of the square and told him he had had Germania hall opened up and swept out for the purpose of holding the meeting there, and the treasurer did not learn of it until he returned to the city, he then being away.

"12. That pursuant to this decision and determination of said clerk, he the said clerk notified those persons whom he saw, and sent a small boy to stand at the door of the stone school house and tell any who might come there that the meeting would be held at Germania hall.

"13. That quite a large number of those in attendance at Germania hall learned that the meeting was being held at Germania hall by the merest accident, and while on the way to the stone school house.

"14. That a large number of the qualified electors of said district never learned that said meeting was being held or was to be held at Germania hall.

"15. That several of the qualified electors of said district were expecting the bell to ring as usual, and waiting therefor before starting for said meeting, and not hearing any bell, supposed that no annual meeting was being held on that day, and were thereby prevented from attending.

"16. That a large number of the qualified electors of said school district never consented that the annual meeting should be held at Germania hall, or had any notice of any school meeting at Germania hall, among whom was the plaintiff and fifty other electors of said district.

"17. That the clerk of said district, after he got to Germania hall, and before the meeting there commenced, was notified by at least one qualified elector of said school district that Germania hall was not the place provided by law for holding the annual meeting; and he replied that he did not care—he was going to hold it there anyhow.

"18. That after the meeting had opened and commenced business at Germania hall, certain other citizens, after having

started down to the stone school house, and learning on the way that the meeting was being held at Germania hall, and being thereby detained on their way to the meeting, called the attention of those assembled to the fact that that was not the place provided by law for holding the annual meeting, and objected to its being held there, but the director overruled the objection.

"19. That after this public notification that the meeting was not being held in the place provided by law, those qualified electors assembled, some thirty in all, proceeded to transact the usual business of the annual meeting, and as a part of it to vote for a director for the ensuing term of three years.

"20. That the defendant and George A. Amos, Esq., were each voted for for said office. That the defendant received 16 of the votes cast for said office, and George A. Amos 14 of the votes cast for said office.

"20½. That immediately prior to the adjournment of the meeting at the hall, a motion was made to adjourn to the stone school house and hold a legal meeting, which motion was voted down.

"21. And after the business was transacted and the meeting adjourned, those assembled were notified by a citizen and qualified elector present that there would be a legal meeting held at the stone school house right away.

"22. That on the same day, to wit, the second Thursday in August, being August 12th, 1880, after the meeting at Germania hall had adjourned, the plaintiff and some nine or ten other qualified electors of said district who had not been notified of the meeting held at Germania hall, or taken any part therein, met at the stone school house because of the notice specified in No. 6 above, and the statute in such case provided, as claimed by those participating therein, and being unable to gain admittance to said stone school house, and the directors and clerk of said district being absent, they organized said (as claimed by them) annual school meeting by electing a chairman and clerk, as provided by law, and adjourned to meet again in two weeks, to wit, on Thursday, August 26, 1880, at 2 o'clock P. M., at said stone school building, as an annual school meeting, and to transact the business of the annual school meeting.

"23. That after each of the above meetings had adjourned, to wit, on or about the 14th day of August, 1880, the de-

fendant J. W. Patterson was sworn in as director of said school district.

"24. That at the adjourned (as claimed by those participating) annual meeting held on the 26th day of August, 1880, at 2 o'clock P. M., at the stone school house, the director of said school district being absent and the clerk of said school district refusing to take any part in said meeting or act as clerk thereof, the chairman and clerk of the meeting, as organized at the school house on August 12th, 1880, acted as chairman and clerk of the adjourned meeting.

"25. That at said adjourned (as claimed by those participating) annual meeting, held at the stone school house on the 26th day of August, 1880, at 2 o'clock P. M., the usual business of the annual school meeting was transacted, and as a part of it they proceeded to vote for a director of the school district for the ensuing term of three years.

"26. That the plaintiff, Wm. Wakefield, and the defendant, J. W. Patterson, were each present at said adjourned (as claimed by those participating) annual meeting, and were each, without objection on the part of the defendant, nominated and voted for for said office of school director; that there were eighty-five of the qualified electors of said district present at said adjourned (as claimed by those participating) annual meeting, and that the plaintiff received the votes of 52 of the qualified electors there present and voting, and the defendant 33 of the votes of the qualified electors there present and voting, for said office; that the plaintiff was declared to have a majority of 19 of the votes cast for said office, and was declared duly elected to said office of director of said school district.

"27. That afterward, to wit, on or about the 28th day of August, 1880, the plaintiff was fully qualified to fill said office, and was sworn in as director.

"28. That the defendant still continues to occupy and hold said office, and perform the duties thereof.

"29. That the clerk of said (as claimed by those participating) annual school meeting, held at the stone school house on August 12, 1880, and of the adjourned (as claimed by those participating) annual school meeting, held August 26, 1880, at the stone school house at which the plaintiff was elected director as above set forth, presented the minutes and proceedings of the said meetings, together with the oath of office of the said plaintiff, to the clerk of said school district,

with the request that he enter the same on the records of said school district, and certify the action of said meetings to the county superintendent of public instruction, and the county clerk of said Allen county, as the law requires; and that the said clerk then and there refused and still refuses so to do.

"30. That at said adjourned (as claimed by those participating) annual meeting the treasurer of said school district made a condensed report, and stated that he would make a full report, but that in his absence his report had been read at the meeting at Germania hall and referred to a committee of the qualified electors then present for examination, and had not been returned to him.

"31. That at said adjourned (as claimed by those participating) annual meeting the clerk of said district was called upon for a report and refused to make one, stating that he had reported to the meeting held at Germania hall.

"32. That at said adjourned annual meeting a tax was levied as required by law for teachers' wages and general revenue, and the clerk of said district requested to certify the same up to the county clerk, which he refused to do.

"33. That when said adjourned (as claimed by those participating) annual meeting held on the 26th day of August, 1880, adjourned, it adjourned to meet again in two weeks from that date, and requested the clerk and treasurer of said district to make their reports to said adjourned meeting, which the clerk of said district refused to do.

"34. That there are at least two keys to the stone school house, one of which is kept by the janitor of the Presbyterian church, who worked then for the treasurer of the school district, and the other by the janitor of the Methodist church, who then worked for a grocery firm in the city of Humboldt, and that either of said keys could have been obtained by asking for it.

"35. That the stone school house has the same seats and rooms now that it has had for the last four or five years, and that the annual meetings have in the past always been held at the stone school house, without complaint as to the seats or heat.

"36. That the director of said school district did not know that the annual meeting was to be held at Germania hall until about two o'clock P. M. of the day on which it was held, when the clerk met him in the street, and told him that he had opened up and swept out Germania hall in order to hold the meeting there.

"37. That the director of the said school district then supposed that the meeting was called by the clerk to be held in Germania hall, and did not know that the notices posted by the clerk called the meeting to be held at the school house belonging to said district, until after the meeting at the hall had adjourned.

"38. Said Germania hall is about three times nearer to the public square than the stone building.

"39. That since said hall was rented for school purposes, said stone building has been used exclusively for the primary department, and since said date the principal and his assistant have taught only in said hall.

"40. Since said hall was rented for school purposes it has been, and by the terms of said lease is, under the exclusive control of the school board.

"41. That the treasurer was absent from the city at the time of holding said meetings on the 12th day of August, and that the clerk decided to hold said meeting at the hall, for two reasons: first, because owing to the absence of the janitor from town he could not get the key, or get into the stone building without breaking the door; and second, because he considered it cooler at Germania hall, and because the seats at the hall were more fitted for adults, and those of the stone building were fitted for infants.

"42. When it was determined to hold said meeting at the hall, the clerk employed and paid a boy fifty cents to stand at the stone school house for two hours, beginning at 2 P. M., and notify all persons coming there that the school meeting was being held at the hall, and said boy did stand there from 2 P. M. until the Germania hall meeting adjourned.

"43. That all who met at said stone school house knew of the fact of the meeting having been held at the hall by report when they met at the stone school house, but not before.

"44. There were ten votes all told who participated in the meeting at the stone school house on the 12th of August, and three of these had also participated in the meeting at the hall.

"45. The meeting at the hall was called to order at 2½ o'clock. The meeting at the stone school house on the 12th of August was convened at 4 o'clock P. M.

"46. The clerk and treasurer were present at the second meeting at the stone school house, but no report of the clerk was made, and the clerk notified said meeting that he recog-

nized the prior meeting at the hall and its proceedings as valid on account of advice from counsel, and had already made report thereof to the county superintendent.

"47. That all who were at the meeting at the hall participated in its proceedings and voted, including all who at said meeting objected in any manner thereto.

"48. That the attendance at the hall on August 12th was an average of the attendance at annual school meetings.

"49. There are about seven hundred persons in said school district entitled to vote at school elections.

"50. That the meeting at the hall was presided over by G. A. Amos, the then clerk, and the same was held under the auspices of the clerk and director, who, after deliberation stated above in number 36, the treasurer being absent from the county, had determined to hold said meeting at said place; and at said meeting the chairman declared as the result of said election that the defendant was duly elected director of said district; and he forthwith proceeded to qualify as such; and since that time he has been acting as such, and no other than himself has acted as such.

"51. The proceedings at the hall meeting were duly recorded by the clerk, and certified up to the proper officer as required by law.    Said meeting levied a tax for school purposes, which has been placed upon the tax roll by the county clerk.

"52. That at the third adjourned meeting, herein referred to, no treasurer's or clerk's report was made, but the committee appointed at the second meeting to examine the treasurer's report reported favorably on the report submitted to it.

"53. That Germania hall fronts to the south, and has its windows on the east and west.

"54. That the stone school house fronts to the east, and has its windows on the north and south.

"55. That for several years the stone building has been used only for the primary department, while the other department has been held in other buildings rented for that purpose.

"It is hereby stipulated that the above case may be submitted on the above statement of facts, and that all facts pleaded shall be considered in issue the same as if said pleadings were verified."

The court thereon decided that the plaintiff had no title or right to the office in controversy, and rendered judgment in

favor of the defendant for costs. The plaintiff brings the case to this court.

Sec. 6, ch. 92, p. 825, Comp. Laws 1879, provides:

"An annual meeting of each school district shall be held on the second Thursday of August of each year, at the school house belonging to the school district, at half-past two o'clock P. M. Notice of the time and place of said annual meeting shall be given by the clerk, by posting written or printed notices in three public places of the district, at least ten days before said meeting. Special meetings may be called by the district board, or by a majority of the legal voters of the district, but notice of such special meeting, stating the purpose for which it is called, shall be posted in at least three public places within the district, ten days previous to the time of such meeting."

The contention on the part of the plaintiff is, that as the meeting of the voters of the school district on August 12, 1880, was held in the building known as "Germania hall," instead of at the stone building belonging to the school district, all of the proceedings were invalid, and the defendant acquired no title or right to the office by virtue of the proceedings had at Germania hall. It is further contended on the part of the plaintiff, that he was elected to the office of director at an adjourned meeting of the inhabitants of the school district, held on August 26, 1880. In order to support the claim of plaintiff, it is urged that the words "belonging to" are used in the statute to express absolute ownership, and that the annual meeting of the school district could not have been held legally at any other place than at the stone school building. It appears from the agreed statement of facts that the notice of the annual meeting was properly given; that the clerk decided to hold the meeting at Germania hall under the charge and control of the school board, the same having been rented for school purposes in April, 1879, for five years. This building was situated on the opposite side of the street, only five blocks north of the stone school house. The reason for the decision of the clerk was, that on account of the absence of the key he could not get into the stone school house without breaking the door; also because he considered

Wakefield v. Patterson.

the hall the cooler place and the seats therein more conven-
ient for the persons attending the meeting.   The director of
the school district participated in the meeting, but the treas-
urer was absent from the city.   The attendance at the hall
was an average of the attendance at the annual school meet-
ings of the district; the meeting was called to order at half-
past 2, and presided over by the clerk, and held under the
direction of the clerk and director.   The clerk employed and
paid a boy to stand at the school house for two hours, begin-
ning at 2 o'clock P. M., to notify all persons coming there
that the annual meeting of the district was being held at the
hall, and in accordance with such employment the boy re-
mained at the stone school house from 2 o'clock P. M. until
the Germania hall meeting adjourned.   The proceedings at
the hall meeting were properly recorded by the clerk, and
certified up to the proper officer, as required by law, and the
meeting levied a tax for school purposes, which has been
placed upon the tax roll by the county clerk.

Upon these facts, it seems clear to us that the holding of
the meeting at Germania hall did not render the proceedings
of the annual meeting there had illegal, or the election of the
defendant void.   The hall, while not owned in fee by the
school district, was under its charge and control for school
purposes, under a lease for a term of five years.   No one was
misled by the holding of the meeting at such place, as all
persons going to the stone school house were notified where
the meeting was being conducted, and the usual number of
inhabitants participated in the meeting.   It is unnecessary to
discuss the other questions presented by counsel.   The judg-
ment of the district court must be affirmed.

All the Justices concurring.